*E-FILED - 1/5/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN L. OWENS, ) No. C 09-5410 RMW (PR)
)
Petitioner, ) ORDER OF DISMISSAL
)
vs. )
)
C. NOOL, Acting Warden, et al., )
)
Respondents. )
)

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the Board of Prison Terms. Petitioner has paid the filing fee. The court will DISMISS the instant petition.

**DISCUSSION**

A. Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.09\Owens410dis.wpd

1  incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.
2  1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

3  B.      Petitioner's Claims

4       Petitioner appears to be challenging the state appellate court's opinion regarding his state
5  habeas petition attacking a decision of the Board of Prison Terms. The substance of the petition
6  is entitled, "Petition for Review from a Denial of a Writ of Habeas Corpus," in which he asserts
7  that the California Court of Appeal erred in failing to state, in a written opinion, its reasons for
8  denying petitioner's petition.

9       "[E]rrors in the state post-conviction review process [are] not addressable through federal
10 habeas corpus proceedings." See Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997).
11 Moreover, petitioner fails to allege a violation of any specific federal constitutional right. As a
12 result, this court is unable to determine what petitioner's underlying claim is or whether
13 petitioner has exhausted such claim. Regardless, because it appears that petitioner is attempting
14 to challenge the California Appellate Court's decision, the proper course of action is for
15 petitioner to file a petition for review or petition for habeas corpus in the California Supreme
16 Court rather than a federal habeas petition. Accordingly, petitioner's claim is DISMISSED.

17      Although a petitioner ordinarily should be given leave to amend his petition to correct
18 pleading deficiencies, because petitioner fails to state a cognizable claim and "it appears beyond
19 doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him
20 to relief." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations and quotation
21 omitted), no leave to amend will be granted.

## CONCLUSION

23 The instant petition is dismissed for failure to state a cognizable claim. The clerk shall
24 terminate all pending motions, enter judgment, and close the file.

25      IT IS SO ORDERED.
26 DATED: 1/5/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.09\Owens410dis.wpd          2