*E-FILED - 1/5/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN L. OWENS, | ) | No. C 09-5410 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER OF DISMISSAL |
| | ) | |
| vs. | ) | |
| | ) | |
| C. NOOL, Acting Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the Board of Prison Terms. Petitioner has paid the filing fee. The court will DISMISS the instant petition.

**DISCUSSION**

A.   Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.09\Owens410dis.wpd

1  incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.
2  1990) (quoting Blackledge v. Allison,  431 U.S. 63, 75-76 (1977)).

3  B.    Petitioner's Claims

4      Petitioner appears to be challenging the state appellate court's opinion regarding his state habeas petition attacking a decision of the Board of Prison Terms.  The substance of the petition is entitled, "Petition for Review from a Denial of a Writ of Habeas Corpus," in which he asserts that the California Court of Appeal erred in failing to state, in a written opinion, its reasons for denying petitioner's petition.

9      "[E]rrors in the state post-conviction review process [are] not addressable through federal habeas corpus proceedings."  See Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997).  Moreover, petitioner fails to allege a violation of any specific federal constitutional right.  As a result, this court is unable to determine what petitioner's underlying claim is or whether petitioner has exhausted such claim.  Regardless, because it appears that petitioner is attempting to challenge the California Appellate Court's decision, the proper course of action is for petitioner to file a petition for review or petition for habeas corpus in the California Supreme Court rather than a federal habeas petition. Accordingly, petitioner's claim is DISMISSED.

17      Although a petitioner ordinarily should be given leave to amend his petition to correct pleading deficiencies, because petitioner fails to state a cognizable claim and "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations and quotation omitted), no leave to amend will be granted.

## CONCLUSION

23  The instant petition is dismissed for failure to state a cognizable claim.  The clerk shall terminate all pending motions, enter judgment, and close the file.

25  IT IS SO ORDERED.

26  DATED: 1/5/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.09\Owens410dis.wpd        2